IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CR-28-TAV-HBG |
| | ) | |
| MARIA A. MAGANA-MADRIGAL, | ) | |
| JOSE CRUZ LANDEROZ-TOVAR, | ) | |
| MARIONO GONZALES, LUIS A. CRUZ, | ) | |
| ADOLFO DOMINGUEZ, and | ) | |
| LUIS F. PENA-FIERRO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 11, 2020 for a telephonic motion hearing on Defendant Dominguez's Motion to Continue Motion Deadline [Doc. 44], Defendant Gonzales' Motion to Join the Motion to Continue [Doc. 45], Defendant Magana-Madrigal's Motion to Continue Trial [Doc. 46], Defendant Landeroz-Tovar's Motion to Continue Motion Deadline and Trial [Doc. 47], and Defendant Cruz's Motion to Continue Trial and Deadlines [Doc. 48].

Assistant United States Attorney Brent Jones appeared on behalf of the Government. Attorney Forrest Wallace appeared on behalf of Defendant Magana-Madrigal, Assistant Federal Defender Jonathan Moffatt appeared on behalf of Defendant Landeroz-Tovar, Attorney Joshua Hedrick appeared on behalf of Defendant Gonzales, Attorney Michael Menefee appeared on behalf

of Defendant Cruz, Attorney Rachel Wolf appeared on behalf of Defendant Dominguez, and Attorney Russell Greene appeared on behalf of Defendant Pena-Fierro.

Defendant Magana-Madrigal moves the Court to continue the May 18, 2020 trial date and related deadlines in this case to allow counsel more time to review the discovery with the Defendant, meet with the Defendant in light of the COVID-19 pandemic, and adequately prepare the case for trial. Attorney Wallace confirmed that Defendant Magana-Madrigal was waiving her speedy trial rights with respect to the motion. Assistant Federal Defender Moffatt, Attorney Headrick, Attorney Menefee, Attorney Wolf, and Attorney Greene also stated that Defendants Landeroz-Tovar, Gonzales, Cruz, Dominguez, and Pena-Fierro had either all moved for a similar continuance or had no objection to the pending motion, and all Defendants stated that they were waiving their speedy trial rights. Lastly, Assistant United States Attorney Jones stated that the Government had no objection to the motion to continue. The parties then agreed on a new trial date of October 20, 2020.

First, the Court observes that the May 18, 2020 trial date in this case must be continued pursuant to the Standing Orders of this Court. On March 16, 2020, Chief United States District Judge Pamela L. Reeves entered Standing Order 20-06, which provides as follows:

> Given that the World Health Organization has declared the Coronavirus Disease 2019 (COVID-19) a pandemic, that the Governor of the State of Tennessee has declared a public health emergency throughout the state in response to the spread of COVID-19 and given that the Centers for Disease Control and Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, it is hereby ORDERED that, effective immediately:
>
> . . . .
>
> 2. Subject to any exceptions identified [in this Order], all civil and criminal jury trials scheduled to commence from March 16, 2020 through April 24, 2020, before any district or magistrate judge in any division in the Eastern

> District of Tennessee are **CONTINUED**, except as otherwise ordered by the presiding judge. . . . .
>
> 3. With regard to criminal jury trials, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of counsel and Court staff to be present in the courtroom, the risks posed to the jurors and the public, the time period of the continuances implemented by this Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)A).

E.D.TN. SO-20-06. On April 15, 2020, Chief Judge Reeves issued Standing Order 20-11, extending the April 24 deadline in SO-20-06 to May 4, 2020, because "the COVID-19 pandemic continues and . . . the Governor of Tennessee has extended the state-wide "Stay-At-Home" order through May 1, 2020[.]" On April 24, 2020, Chief Judge Reeves extended the May 4 deadline to May 30, 2020, in Standing Order 20-12, based upon the continuation of the COVID-19 pandemic and "guidance from the CDC as well as federal, state, and local public health authorities[.]" Thus, the trial of this case cannot occur on May 18, 2020.

Moreover, the Court finds the trial date should be reset to October 20, 2020 because the ends of justice served by continuing the trial outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defense counsel has requested additional time to review the provided discovery with Defendants, and to prepare the case for trial in light of the COVID-19 pandemic. The Court finds that limitations on in-person meetings with clients and witnesses, stemming from the COVID-19 pandemic, have slowed trial preparations in this case. Further, Attorneys Menefee and Greene noted continued difficulties obtaining interpreters to meet with their clients. The Court finds that the failure to continue the trial in this case would deprive defense counsel of the reasonable time necessary to prepare the case for trial, even considering his acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

3

Accordingly, Defendant Dominguez's Motion to Continue Motion Deadline [**Doc. 44**], Defendant Gonzales' Motion to Join the Motion to Continue [**Doc. 45**], Defendant Magana-Madrigal's Motion to Continue Trial [**Doc. 46**], Defendant Landeroz-Tovar's Motion to Continue Motion Deadline and Trial [**Doc. 47**], and Defendant Cruz's Motion to Continue Trial and Deadlines [**Doc. 48**] are **GRANTED**, and the trial of this matter is reset to **October 20, 2020**. The Court also finds that all the time between the filing of Defendant Dominguez's motion on **April 22, 2020** and the new trial date of **October 20, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to other scheduling in this case, the deadline for filing pretrial motions is reset to **July 30, 2020**. Responses to motions are due on or before **August 13, 2020**. The parties are to appear before the undersigned for a final pretrial conference on **October 1, 2020 at 11:00 a.m.** This date shall also be the new deadline for providing reciprocal discovery and concluding plea negotiations. The Court instructs the parties that all motions *in limine* must also be filed no later than **October 5, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **October 9, 2020** and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Dominguez's Motion to Continue Motion Deadline [**Doc. 44**], Defendant Gonzales' Motion to Join the Motion to Continue [**Doc. 45**], Defendant Magana-Madrigal's Motion to Continue Trial [**Doc. 46**], Defendant Landeroz-Tovar's Motion to Continue Motion Deadline and Trial [**Doc. 47**], and Defendant Cruz's Motion to Continue Trial and Deadlines [**Doc. 48**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **October 20, 2020**, **at 9:00 a.m.**, before the Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of the motion on **April 22, 2020**, and the new trial date of **October 20, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is reset to **July 30, 2020**;

(5) Responses to motions are due on or before **August 13, 2020**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **October 1, 2020, at 11:00 a.m.** This date is also the deadline for concluding plea negotiations and providing reciprocal discovery;

(7) The Court instructs the parties that all motions *in limine* must be filed no later than **October 5, 2020**; and

(8) Special requests for jury instructions shall be submitted to the District Judge no later than **October 9, 2020** and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge