IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:20-CR-28-TAV-HBG |
| JOSE CRUZ LANDEROZ-TOVAR, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. This case is before the Court on two *pro se* letters by Defendant Jose Cruz Landeroz-Tovar, requesting the substitution of appointed counsel [Docs. 93 & 95]. On December 23, 2020, the undersigned substituted and appointed Attorney Christopher J. Oldham to represent Defendant Landeroz-Tovar [Doc. 75]. In his letter of March 5, 2021, the Defendant asks the Court to appoint new counsel, because he and Mr. Oldham disagree on issues relating to his case [Doc. 93]. In a typed letter received on March 9, 2021, the Defendant states that he cannot communicate with Mr. Oldham and that he does not trust Mr. Oldham [Doc. 95]. The parties appeared by video conference for a motion hearing on the Defendant's *pro se* letters on March 18, 2021. Assistant United States Attorney Kevin Quencer appeared on behalf of the Government. Attorney Oldham appeared, along with Defendant Landeroz-Tovar. The Defendant appeared by video from the jail and participated with the aid of an interpreter.

The Court appointed Mr. Moffatt and Federal Defender Services of Eastern Tennessee (FDS) to represent the Defendant at his initial appearance on March 10, 2020. On December 23, 2021, the Court found good cause to substitute Mr. Oldham, based upon an irreparable breach of trust and breakdown of communication in the relationship between the Defendant and the Federal Defenders. The Court encouraged the Defendant to work with Mr. Oldham throughout the remainder of his case.

At the March 18 hearing, the Court conducted a sealed, *ex parte* hearing with the Defendant and Mr. Oldham to learn the extent and nature of any problems in the attorney-client relationship. Following that sealed portion of the hearing, AUSA Quencer stated that the Government takes no position on the Defendant's motions for substitution of counsel. AUSA Quencer informed the Court that while the Government has disclosed all discovery in its possession, the discovery in this case is ongoing, because twelve different law enforcement agencies in different jurisdictions are involved in the investigation of this case. AUSA Quencer agreed it is consistent with this situation that Mr. Oldham is still getting some discovery.

A defendant seeking to substitute counsel must show good cause, such as an actual conflict of interest or an irreparable breakdown in the attorney-client relationship. *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring good cause for the substitution of counsel); *see also United States v. Iles*, 906 F.2d 1122, 1130 n.8 (6th Cir. 1990) (observing that the court must determine "whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense"). Based on the information gained in the *ex parte* portion of the hearing, the Court finds that substitution of counsel for Defendant Landeroz-Tovar is not warranted. The Court finds no problems with the communication between the Defendant and Mr. Oldham and finds that Mr. Oldham is working

diligently on the Defendant's behalf, to include filing a Motion to Suppress Statement of the Defendant [Doc. 91], and is preparing this case for trial. The Court also finds that Mr. Oldham has been sharing the discovery with the Defendant as he receives it and that the ongoing nature of the discovery in this case is a matter out of Mr. Oldham's control. Accordingly, the Court finds no basis for the substitution of counsel, and the Defendant's *pro se* requests for substitution [**Docs. 93 & 95**] are **DENIED**. Mr. Oldham remains Defendant Landeroz-Tovar's counsel of record, and the Defendant is again encouraged to work with counsel throughout the remainder of this case.

The Court discussed potential dates for scheduling an evidentiary hearing on the Motion to Suppress Statements of the Defendant [Doc. 91]. AUSA Quencer will confer with the Government's out-of-town witness, and then counsel for both parties will contact Chambers to schedule the evidentiary hearing.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge