IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CR-28-KAC-HBG |
| | ) | |
| JOSE CRUZ LANDEROZ-TOVAR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. On June 1, 2021, Defendant Jose Cruz Landeroz-Tovar wrote a letter to the Court, requesting new counsel. This letter was docketed under seal [Doc. 121, SEALED] and provided to defense counsel. On June 23, 2021, Attorney Christopher J. Oldham filed Defendant Jose Cruz Landeroz-Tovar's Third Motion to Substitute Counsel or for Court to Review the Attorney-Client Relationship [Doc. 124]. The parties appeared before the undersigned a hearing on the motion on June 25, 2021. Assistant United States Attorney Brent Nelson Jones appeared on behalf of the Government. Mr. Oldham appeared along with Defendant Landeroz-Tovar, who participated with the aid of an interpreter.

The Court substituted and appointed Mr. Oldham to represent the Defendant on December 23, 2020 [Doc. 75]. In the instant motion, Mr. Oldham states the attorney-client

relationship may be irreparably broken.  He references the June 1 letter and an earlier letter [Doc. 95] also requesting new counsel.[1]

At the June 25 hearing, the Government took no position on the Defendant's request to substitute counsel.  The Court conducted a sealed, *ex parte* portion of the hearing with Defendant Landeroz-Tovar and Mr. Oldham to learn the nature and extent of the problems with the attorney-client relationship.  Based on the representations by Defendant and counsel in the sealed session, the Court finds that a breakdown has occurred in the trust necessary to the attorney-client relationship.  Although the Court finds no fault with Mr. Oldham's representation of Defendant Landeroz-Tovar, the Court finds the loss of trust compromises Mr. Oldham's ability to present a defense or render effective assistance of counsel.  The Court also concludes that the breach of trust in the attorney-client relationship is irreparable.  Accordingly, the Court reluctantly finds that good cause exists to substitute new counsel under the unique circumstances of this case.

Based upon the bare minimum amount of good cause shown, the motion to substitute counsel [**Doc. 124**] is **GRANTED**, and Mr. Oldham is relieved as counsel of record for the Defendant.  *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).  Mr. Oldham is **DIRECTED** to provide the discovery and the information from the Defendant's file to new counsel soon as possible.  The Court recognizes the need for the Defendant to be represented continuously by counsel.  Attorney Kimberly A. Partin was present and agreed to accept representation of the Defendant.  The Court **SUBSTITUTES** and **APPOINTS** Ms. Partin under the Criminal Justice Act ("CJA"), 18 U.S.C.

---

[1] In filings from March 5 [Doc. 93] and March 9 [Doc. 95], 2021, Defendant requested new counsel.  In the March 9 filing, Defendant stated that he cannot communicate with and does not trust Attorney Oldham.  The Court held a hearing on the attorney-client relationship on March 18, 2021, and found no basis for the substitution of counsel [Doc. 101].  The Court encouraged Defendant to work with Mr. Oldham.

§ 3006A, as counsel of record for Defendant Jose Landeroz-Tovar. The Court instructed Defendant that, absent extraordinary circumstances, it would not be inclined to substitute counsel again in this case. If Defendant is not able to work with Ms. Partin, he may be required to represent himself. The Court encouraged the Defendant to make every effort to work with Ms. Partin through the remainder of this case, and Defendant agreed that he would cooperate with her. Ms. Partin alerted the Court that she may seek to continue the August 24 trial date. She stated that she would meet with prior counsel, review the discovery, and decide whether to file a motion to continue as soon as possible.

Accordingly, it is **ORDERED**:

(1) Defendant Jose Cruz Landeroz-Tovar's Third Motion to Substitute Counsel or for Court to Review the Attorney-Client Relationship **[Doc. 124]** is **GRANTED**;

(2) Attorney Christopher J. Oldham is **RELIEVED** of his representation of Defendant Landeroz-Tovar and is **DIRECTED** to provide all discovery and the information from Defendant's file to new counsel as soon as possible;

(3) Mr. Oldham's Motion to Declare Case Extended and Complex **[Doc. 110]** and his *ex parte* motion for funding for an interpreter at trial **[Doc. 120]** are **DENIED as moot**;

(4) Attorney Kimberly A. Partin is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant Landeroz-Tovar pursuant to the CJA; and

(5) The trial of this case remains set for **August 24, 2021**. Any motion to continue the trial shall be filed as soon as possible.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge